UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14096-Moore/McCabe

FOKISS, INC.,
*doing business as*
STEW PETERS NETWORK,

    Plaintiff,

v.

TLM GLOBAL, LLC, et al.,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendants' Expedited Motion to Dissolve the Temporary Restraining Order (DE 11) ("Motion to Dissolve"), which was referred to the undersigned by United States District Judge K. Michael Moore for a Report & Recommendation (DE 14).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Dissolve be **GRANTED.**

**I.    BACKGROUND**

This is a trademark and copyright case.  On April 3, 2024, Plaintiff filed suit alleging ownership of a film titled "Died Suddenly," as well as the film's related website www.diedsuddenly.com and the film's X Handle @DiedSuddenly (DE 1).  The complaint alleges that the Defendants committed a variety of misconduct in connection with the Plaintiff's intellectual property, including trademark and copyright infringement, breach of contract, and breach of fiduciary duty (DE 1).

On April 5, 2024, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order, Restriction on Assets, and Preliminary Injunction, seeking a broad array of relief against the Defendants (DE 8). Four days later, the District Court entered a Temporary Restraining Order ("TRO"), requiring Plaintiff to post a $10,000 bond (DE 9). By operation of Fed. R. Civ. P. 65(b)(2), the TRO expires on April 23, 2024. As part of the TRO, the District Court referred to the undersigned any further proceedings related to Plaintiff's request for entry of a preliminary injunction following the TRO (DE 9).

Shortly after being served with the TRO, on April 17, 2024, Defendants filed this Motion to Dissolve, seeking to dissolve the TRO in its entirety pursuant to Fed. R. Civ. P. 65(b)(4). Two days later, the undersigned conducted a hearing on the Motion to Dissolve (DE 13). The undersigned also set an evidentiary hearing, to take place the following week on April 25, 2024, on Plaintiff's request for entry of a preliminary injunction (DE 13). The parties thereafter filed a joint motion requesting that the evidentiary hearing be delayed (DE 17). The undersigned granted the request and re-set the evidentiary hearing for May 7, 2024 (DE 18).

## II.   DISCUSSION

The pending Motion to Dissolve seeks to dissolve the TRO pursuant to Fed. R. Civ. P. 65(b)(4). Defendants raise numerous arguments in support of the Motion to Dissolve, but the Court need only address one, namely, that Plaintiff failed to comply with Fed. R. Civ. P. 65(b)(1)(B), which provides:

> (b) Temporary Restraining Order
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

2

> **(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required**

(emphasis added).

As other courts have noted, "the requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Woodard-CM, LLC v. Sunlord Leisure Products, Inc.*, No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020). As such, courts routinely deny requests for TROs based on the failure to comply with the certification requirements of subsection (b)(1)(B). *See id.* (denying TRO and preliminary injunction without prejudice because Plaintiff's attorney failed to provide notice to the opposing party); *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020) (denying TRO because "an ex parte temporary restraining order is an extreme remedy to be used only with the utmost caution…[and] the Court is unwilling to grant such relief in light of these [notice] deficiencies.") (cleaned up); *Kazal v. Price*, No. 8:17-cv-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying TRO in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an ex parte order").

In this case, Plaintiff's motion requesting entry of the TRO (DE 8) lacked any sort of attorney certification to show "efforts made to give notice and the reasons why it should not be required" as set forth in Rule 65(b)(1)(B). At a recent hearing, Plaintiff's counsel suggested such information could be inferred from the body of the motion itself. The Court finds this insufficient, as Rule 65(b)(1)(B) requires an express certification in compliance with the rule. The Court notes, moreover, that Plaintiff's motion requesting entry of the TRO spanned nearly 60 pages (triple the amount permitted by Local Rules) (DE 8). "Judges are not like pigs, hunting for truffles buried in

3

briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  As such, the TRO should be dissolved for non-compliance with Rule 65(b)(1)(B).[1]

### III.     CONCLUSION & NOTICE OF RIGHT TO OBJECT

For all of the foregoing reasons, the undersigned **RECOMMENDS** that the Motion to Dissolve (DE 11) be **GRANTED** and the TRO (DE 9) be **DISSOLVED**.  The undersigned reserves ruling on whether Plaintiff should be required to compensate Defendants, out of the $10,000 bond, for any damages caused by way of the TRO.  The Court orders the parties to be prepared to address this issue at the upcoming evidentiary hearing on May 7, 2024.  Following that hearing, the undersigned will issue an additional Report and Recommendation on whether any such damages should be awarded.

The parties shall have **five (5) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  The undersigned has shortened the time for objections due to the expedited nature of the relief sought in the Motion to Dissolve.  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

---

[1] The Court also notes that, by operation of Fed. R. Civ. P. 65(b)(2), a TRO lasts for only 14 days unless extended for good cause.  In this case, the TRO is set to expire today, April 23, 2024, and Plaintiff has not sought an extension for good cause.  This means the TRO will likely expire today anyway.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN TWO (2) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23rd day of April, 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE