UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14096-Moore/McCabe

FOKISS, INC.,
*doing business as*
STEW PETERS NETWORK,

      Plaintiff,

v.

TLM GLOBAL, LLC, et al.,

      Defendants.

_____/

## <u>REPORT & RECOMMENDATION</u>

THIS CAUSE comes before the Court upon Defendants' Motion to Determine No Irreparable Harm Before Conducting Preliminary Injunction Hearing ("Motion") which was referred to the undersigned by United States District Judge K. Michael Moore for a Report & Recommendation. (DE 30, DE 33). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

## I.    ANALYSIS

This is a trademark and copyright infringement case. The undersigned has scheduled an evidentiary hearing to take place on May 22, 2024 on Plaintiff's request for entry of a preliminary injunction. (DE 8, DE 29). By way of this Motion, Defendants seek to bypass the evidentiary hearing and have the Court rule (in its favor) on the papers. In support, Defendants argue that Plaintiff delayed seeking injunctive relief for an inordinate amount of time and therefore can no longer prove one of the mandatory prerequisites to injunctive relief, i.e., irreparable harm. (DE 30 at 1-3). Defendants cite the Court to

numerous cases finding that parties who delay in seeking injunctive relief cannot prove irreparable harm.  (DE 30 at 4-6).  Defendants maintain this issue can be decided on the papers, akin to a summary judgment.

The Court disagrees for three reasons.  First, the majority of cases cited by Defendants were themselves decided after a full evidentiary hearing.  *See, e.g.*, *Car Body Lab Inc. v. Lithia Motors, Inc.*, No. 21-CV-21484, 2021 WL 2652774, at *13 (S.D. Fla. June 21, 2021), *R. & R. adopted*, 2021 WL 3404040 (S.D. Fla. Aug. 4, 2021) (finding no irreparable harm after evidentiary hearing); *Pals Group, Inc. v. Quiskeya Trading Corp.*, No. 16-23905, 2017 WL 532299, at *7 (S.D. Fla. Feb. 9, 2017) (same).

Second, Defendants cite to only two cases that were decided without an evidentiary hearing, and both cases are easily distinguishable from the facts here.  The first case, *Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, No. 22-14257, 2023 WL 3704912, at *2 (11th Cir. May 30, 2023), involved a six-month delay between the filing of the complaint and the filing of the motion for preliminary injunction. No such delay exists here, where Plaintiff filed its Complaint on April 3, 2024 (DE 1) and its Motion for Preliminary Injunction two days later on April 5, 2024 (DE 8).

The second case, *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-CV-20862, 2021 WL 3618227, at *1 (S.D. Fla. Aug. 16, 2021), involved an ex-parte motion for a temporary restraining order ("TRO"), not a motion for a preliminary injunction.  Also, the District Judge in that case denied the TRO for failure to show irreparable harm *and* for failure to comply with the notice requirements of Fed. R. Civ. P. 65(b)(1).  *Id.* at *7.

Third and finally, the Court has reviewed the pending motion for preliminary injunction and finds that it presents complex factual and legal issues not easily resolved on

the papers.  The Court finds it will better serve the interests of the parties, justice, and the Court itself to conduct a full evidentiary hearing on all matters, including irreparable harm.

## II.      CONCLUSION AND NOTICE OF RIGHT TO OBJECT

For all of the foregoing reasons, the undersigned **RECOMMENDS** that the Motion (DE 30) be **DENIED**.

The parties shall have **five (5) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  The undersigned has shortened the time period for objections due to the upcoming hearing on the Motion for Preliminary Injunction.  (DE 29)  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN TWO (2) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of April 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE